Lawrence W. Rader, New York Bar No. 2182210
225 Broadway, Room 400
New York, New Yrok 10007-3906
Telephone: (212) 791-5200



Richard L. Kellner, New York Bar No. 2170462
**KABATECK BROWN KELLNER LLP**
(rlk@kbklawyers.com)
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000

Byron T. Ball, New York Bar No. 5031604
(btb@balllawllp.com)
**THE BALL LAW FIRM, LLP**
10866 Wilshire Boulevard., Suite 1400
Los Angeles CA, 90024
Telephone: (310) 446-6148



Mark J. Geragos (to be admitted *pro hac vice*)
**GERAGOS & GERAGOS APC**
(mark@geragos.com)
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900

Attorneys for VoiceOne Communications, LLC
and WABEC, LLC

## UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOICEONE COMMUNICATIONS, LLC, a limited liability company; and WABEC, LLC, a limited liability company,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100 inclusive,<br><br>　　　　　　Defendants. | Civil Action No.<br><br>**COMPLAINT FOR:**<br><br>(1) Copyright infringement<br>(2) Misappropriation of trade secrets<br>(3) Breach of contract<br>(4) Unfair competition<br>(5) Unjust enrichment<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs VoiceOne Communications, LLC, and WABEC, LLC (collectively, "Plaintiffs"), by their attorneys, make the following allegations upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge. Plaintiffs bring this action for damages and injunctive relief against Defendant Google Inc., demanding a trial by jury.

## NATURE OF THE ACTION

1.  Plaintiffs bring this action against Google Inc. ("Google") to recover damages and obtain injunctive and other relief available at law and in equity.

2.  In late 2006, Google introduced a feature called "Click to Call." Click to Call was a new technology that allowed a person to place a telephone call through the Internet simply by clicking on a link. Thus, for example, after searching on Google for a particular business, the user could then call that business with the click of a mouse.

3.  This action arises from the fact that Google's implementation and use of the Click to Call technology was the result of its misappropriation of Plaintiffs' trade secrets and infringement of their copyrights.

## THE PARTIES

4.  Plaintiff VoiceOne Communications, LLC ("VoiceOne") is a limited liability company duly organized and existing under the laws of the state of Delaware and having its principal place of business in Los Angeles, California. VoiceOne is a wholly owned subsidiary of VoIP.

5.  Plaintiff WABEC, LLC ("WABEC") is a limited liability company duly organized and existing under the laws of the state of Delaware and having its principal place of business in Los Angeles, California. In or about October, 2008,

WABEC acquired all of the assets of VoIP, Inc., ("VoIP") and VoiceOne, and is the successor and assign of both VoIP and VoiceOne.

6. Plaintiffs are informed and believe and thereon allege that defendant Google, Inc. ("Google") is a Delaware Corporation doing business in the state of New York. Google's principal place of business is located in Mountain View, California.

7. Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiffs. Plaintiffs will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## JURISDICTION AND VENUE

8. This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

9. This Court has original subject matter jurisdiction over Plaintiffs' claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 1338(a).

10. This court has supplemental subject matter jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' state law claims are so related to claims for which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. This Court has personal jurisdiction over Google. Google does continuous and systematic business in New York and this District. Defendant Google maintains an office and employs personnel in New York and this District.

12.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a).

## FACTUAL BACKGROUND

13.   VoIP and VoiceOne spent many years developing proprietary, patented and confidential transmission technologies for the delivery of voice communications over the Internet. This technology included the ability for the owner of a website to allow its visitors to initiate a voice call on the website, successfully transmit through both the Internet and the traditional telephone network, and connect with an individual using a traditional telephone. This technology, also known as "Click to Call," enables users to immediately speak with merchants or other third parties simply by clicking a link on a website.

14.   The "Click to Call" technology includes software programs and algorithms for which Plaintiff WABEC holds copyrights.

15.   On or about September 1, 2005, plaintiff VoiceOne and Google entered into a written Master Services Agreement (the "Agreement"). The Agreement is attached hereto as Exhibit "A" and made a part hereof. Pursuant to the Agreement, VoiceOne agreed to and did provide Google with proprietary, patented, and confidential technology, including the "Click to Call" technology, described in the preceding paragraph.

16.   Section 7.8 of the Agreement provides, in relevant part: "For a period of 2 years, except as may be required by legal or regulatory obligations from the date of the disclosure thereof, each party shall maintain the confidentiality of all information or data of any nature…. provided to it by the other party hereto" (the "Confidentiality Provision").

17.   Section 7.9 of the Agreement provides that "[a]ny information or documentation disclosed between parties during the performances of this

Agreement shall be subject to the terms and conditions as set forth in Section 7.8 or if information is labeled as confidential or proprietary."

19. 18. On or about November 28, 2006, plaintiff VoiceOne and Google amended the written Master Service Agreement ("Amendment No. 1"). Amendment No. 1 is attached hereto as Exhibit "B" and made a part hereof. The additional terms in Amendment No. 1 included provisions to identify VoiceOne as the designated carrier of phone calls initiated on Google websites.

19. In addition, plaintiff VoiceOne provided Google with proprietary and confidential information including, without limitation, source codes, algorithms, training, expertise, and know-how to enable Google to learn how to monetize internet telephony through Click to Call technology for a myriad of its products.

20. For example, Google offers a product called Google Maps where a search for a business will display the business' location on a map along with other information including its address and phone number. Utilizing the proprietary and confidential information provided to it by plaintiff VoiceOne, Google added a link to its Google Maps search results to allow the user to initiate a telephone call directly from the website.

21. On or about August 28, 2006 Google and Ebay announced a multi-year agreement and plans to "integrate and launch 'click-to-call' advertising functionality" that would allow users to initiate a "call to participating eBay merchants or Google advertisers directly from either company's respective sites, using Skype or Google Talk."

22. In or about January 2007, Google unilaterally provided notice to VoiceOne that it was terminating the Agreement, based on a purported unauthorized disclosure that identified Google as a VoiceOne customer. Plaintiffs are informed and believe and thereon allege that Google's stated reason for

termination of the Agreement was a pretext and that the real reason behind Google's termination was to exploit the Confidential Information as herein alleged.

23. Plaintiffs are informed and believe and thereon allege that shortly after its termination of the Agreement, Google misappropriated, exploited, disclosed and otherwise used the Confidential Information in direct breach of the Agreement's Confidentiality Provision. In this regard, Plaintiffs are informed and believe that Google misappropriated, exploited, disclosed and otherwise used the Confidential Information in connection with the joint venture Google entered into with eBay and Skype.

24. Google continues to exploit, for its own benefit, Plaintiffs' misappropriated technology, trade secrets, and copyrighted computer software programs.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

25. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

26. WABEC owns a valid, enforceable copyright in all of its "Click to Call" software programs, source code and algorithms, which are creative works of original authorship.

27. WABEC has complied in all respects with the copyright laws and is the exclusive owner of the copyrights to its "Click to Call" software programs, source code and algorithms.

28. Google was not authorized to copy, download, reproduce, create derivative works from, distribute or publicly display Plaintiffs' copyrighted "Click to Call" software programs, source code and algorithms.

29. In violation of 17 U.S.C. § 106, Google has violated WABEC's exclusive right to reproduce and make copies of its copyrighted works by copying WABEC's "Click to Call" software programs, source code and algorithms.

30. Google has also violated WABEC's right to control the distribution, creation of derivative works and public display of its copyrighted works by downloading copying, creating derivative works from and/or and distributing WABEC's "Click to Call" software programs, source code and algorithms.

31. In addition to directly infringing WABEC's copyrights, Google has contributorily and/or vicariously infringed WABEC's copyrights by controlling, directing, inducing or materially contributing to the copying, distribution, publicly display or creation of derivative works from WABEC's "Click to Call" software programs, source code and algorithms. Google obtained a direct financial benefit from these infringing activities.

32. Google knew or should have known that the copying, distributing, public display of, and creating derivative works from WABEC's "Click to Call" software programs, source code and algorithms infringed WABEC's copyrights in those same materials.

33. WABEC is entitled to recover from Google its actual damages incurred as a result of the infringement in amount to be proven at trial. 17 U.S.C § 504.

34. WABEC is also entitled to damages, in an amount to be proven at trial, which includes profits attributable to the infringement that are not taken into account in computing actual damages under 17 U.S.C. § 504.

35. WABEC is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

36.     Google's infringement of WABEC's copyrights has caused WABEC irreparable injury. WABEC has no adequate remedy at law for Google's wrongful conduct because, among other things, (a) WABEC's copyrights are unique and valuable assets, (b) Google's infringement harms WABEC such that WABEC could not be made whole by any monetary award, and (c) Google's wrongful conduct, and the resulting damage to WABEC, is continuing. Unless restrained and enjoined, Google will continue to commit such infringing acts. Accordingly, WABEC is entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. § 503.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS

37.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

38.     The proprietary, copyrighted and confidential transmission technologies and processes, including algorithms and source codes, for the delivery of voice communications over the Internet developed by Plaintiffs derived independent economic value from not being generally known to persons who could economically benefit from its disclosure or use.

39.     The specific trade secrets at issue include:

   a.     Plaintiffs' least cost routing (LCR) algorithm that allows a phone call to be routed to the carrier or combinations of carriers in such a way as to minimize the connection costs.

b. Plaintiffs' softswitch, a software program that connects calls from one phone line to another.

c. Plaintiffs' click-to-call implementation whereby a customer clicks on a link on a webpage (for example in a Google paid search result) that makes an outbound call to a specific destination. The softswitch will then select a carrier using the least cost routing (LCR) algorithm.

d. Plaintiffs' softswitch that would determine that a route was unavailable (e.g., due to call congestion or being temporarily out of service), automatically select the next lowest cost route using the LCR algorithm, and reroute the call.

e. Plaintiffs' wholesale billing platform that connected to Plaintiffs' LCR database of phone carriers and included a connection to a national charging database through Signaling System Number 7 (SS7), which is a set of telephony signaling protocols that are used to set up most of the world's public switched telephone network telephone calls.

f. Plaintiffs' softswitch signaling engine with an API to VoIP's wholesale billing platform that provided the connection to the LCR database.

g. Plaintiffs' Intelligent Call Management routing program based on hunt groups with digit manipulation, least cost routing, time of day routing, retries, load balancing, and congestion control.

h. Plaintiffs' LCR engine that is a collection of tools to help manage multiple providers with Plaintiffs' softswitch.

i. The configuration file for Plaintiffs' softswitch, including but not limited to the following sections:

i. The comparer section that defined the LCR comparing strategy to use.

    ii. The dialer section that minimized cost by listing providers for all given routes from least expensive to most expensive.

    iii. The import module that was used to download rates from various providers.

  j. The methods of:

    i. Importing provider's rates.

    ii. Generating the LCR database tree.

    iii. Generating the optimized dial-plan.

  k. The software for implementing the above trade secrets including source code in the C programming language, Perl programming language, and other programming languages.

40. Plaintiffs made reasonable efforts to maintain the secrecy of the information, including the inclusion of a non-disclosure clause the Agreement governing the relationship between plaintiff VoiceOne and Google.

41. Google misappropriated Plaintiffs' trade secrets by pretextually terminating the Agreement and thereafter using Plaintiffs' trade secrets for its own commercial advantage.

42. As a direct and proximate result of Google's misappropriation of Plaintiffs' trade secrets, Plaintiffs have been damaged in an amount to be determined according to proof but well in excess of the jurisdictional limits of this court.

/ / /

/ / /

/ / /

/ / /

/ / /

43. Google's acts as described above were willful and malicious, entitling Plaintiffs to exemplary damages and reasonable attorney's fees.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

44. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

45. Plaintiffs have performed each and every condition required under the Agreement, except for such conditions the performance of which was prevented or excused by Google's conduct.

46. Google breached Sections 7.8 and 7.9 of the Agreement by misappropriating, exploiting, disclosing, and otherwise using and failing to maintain the confidentiality of the confidential information provided by Plaintiffs as detailed above.

47. As a result of Google's breach of the Agreement, Google has caused damage to Plaintiffs in an amount to be determined according to proof.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

48. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and plead this cause of action in the alternative.

49. Through the actions described above, Google has received money belonging to Plaintiffs through the misappropriation of trade secrets.

50. Google has unjustly received benefits at the expense of Plaintiffs through its wrongful conduct delineated above. Some or all of the benefits that Google has received are rightfully due to Plaintiffs. It would be unjust for Google to retain any value that it has obtained as a result of its wrongful conduct

51. Under principles of equity and good conscience, Google should not be permitted to keep the benefits that it has received at Plaintiffs' expense. Plaintiff is therefore entitled to full restitution of all amounts in which Google has been unjustly enriched at Plaintiffs' expense.

52. The amount of money due from Google to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the income and gross profits Google has obtained through its wrongful and unlawful conduct. Plaintiffs are therefore entitled to a full accounting.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

1. For a preliminary and permanent injunction restraining Google, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with any of them, from: (i) using Plaintiffs' confidential, proprietary, and copyrighted software programs, source code, algorithms and other computer code; (ii) distributing Plaintiffs' confidential, proprietary, and copyrighted software programs, source code, algorithms and other computer code; and (iii) otherwise engaging in acts of unfair competition and copyright infringement.

2. For an Order directing Google to return Plaintiffs' property, including, without limitation, Plaintiffs' confidential, proprietary, and copyrighted software

programs, source code, algorithms and other computer code, that Google took from Plaintiffs;

3. For an order impounding or destroying any and all infringing materials in Google's possession pursuant to 17 U.S.C. § 503;

4. For an accounting;

5. For restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Google through the acts set forth in this Complaint;

6. For damages to be proven at trial;

7. For an Order awarding Plaintiffs punitive damages in a sum to be determined at trial, on the basis of Google's willful and deliberate unauthorized misappropriation of Plaintiffs' trade secrets;

8. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

9. For an Order awarding Plaintiffs' attorneys' fees and cost; and

10. For any and all such other and further relief that this Court may deem just and proper.

DATED: December 27, 2012   **LAWRENCE W. RADER**
**KABATECK BROWN KELLNER LLP**
**THE BALL LAW FIRM, LLP**
**GERAGOS & GERAGOS APC**

By _/s/ Lawrence W. Rader_
Lawrence W. Rader
*Counsel for Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in the instant action.

DATED:  December 27, 2012     **LAWRENCE W. RADER**
                                                    **KABATECK BROWN KELLNER LLP**
                                                    **THE BALL LAW FIRM, LLP**
                                                    **GERAGOS & GERAGOS APC**

By _/s/ Lawrence W. Rader_____
Lawrence W. Rader
*Counsel for Plaintiffs*