IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOICEONE COMMUNICATIONS, LLC, a limited liability company; and WABEC, LLC, a limited liability company,<br><br>                        Plaintiffs,<br><br>    v.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100 inclusive,<br><br>                        Defendants. | Civil Action No. 12 Civ. 9433 (PGG)<br><br>**ECF Case** |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT GOOGLE INC.'S MOTION FOR SANCTIONS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Michael H. Page (*Pro Hac Vice*)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300
mpage@durietangri.com

David Spears
Benjamin T. Alden
SPEARS & IMES LLP
51 Madison Avenue, 25th Floor
New York, NY 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849
dspears@spearsimes.com
balden@spearsimes.com

Attorneys for Defendant GOOGLE INC.

**TABLE OF CONTENTS**

                                                    **Page**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| | A. Plaintiffs First Sue In 2009 (And Become Bankruptcy Debtors That Year) | 2 |
| | B. Plaintiffs Sue Again In 2011 (And Are Still Bankruptcy Debtors) | 3 |
| | C. Plaintiffs Sue For The Third Time | 4 |
| III. | ARGUMENT | 6 |
| | A. Rule 11 Standard | 6 |
| | B. This Case Was Not Legally Warranted And There Was No Reason To Believe Otherwise | 7 |
| |     1. Plaintiffs' Case Violates The Two-Dismissal Rule | 7 |
| |     2. Plaintiffs' Case Is Time-Barred | 9 |
| |     3. VoiceOne Doesn't Even Exist | 10 |
| IV. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cooter & Gell v. Hartmax Corp.*,
   496 U.S. 384 (1990) ............................................................................................................... 6

*Cumptan v. Allstate Ins. Co.*,
   No. 5:10CV12, 2011 WL 3501783 (N.D. W. Va. Aug. 10, 2011) .......................................... 8

*Gabhart v. Craven Regional Med. Ctr.*,
   73 F.3d 357 (4th Cir. 1995) ..................................................................................................... 7

*L-Tec Elec. Corp. v. Cougar Elec. Org., Inc.*,
   198 F.3d 85 (2d Cir. 1999) ...................................................................................................... 8

*Manning v. S.C. Dept. of Highway & Pub. Transp.*,
   914 F.2d 44 (4th Cir. 1990) .................................................................................................. 7, 8

*Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*,
   534 F.2d 1012 (2d Cir. 1976) .................................................................................................. 7

**Statutes**

17 U.S.C. § 507 .............................................................................................................................. 9

**Other Authorities**

C. Wright et al., *Voluntary Dismissal—Effect of Second Dismissal on Same
   Claim*, 9 Fed. Prac. & Proc. Civ. § 2368 (3d ed. 2013) .......................................................... 7

**Rules**

Fed. R. Civ. P. 11 ................................................................................................................ passim

Fed. R. Civ. P. 11(b)(2) ................................................................................................................. 6

Fed. R. Civ. P. 11(b)(3) ................................................................................................................. 6

Fed. R. Civ. P. 11(c)(1) ................................................................................................................. 6

Fed. R. Civ. P. 11(c)(4) ................................................................................................................. 6

Fed. R. Civ. P. 41(a)(1) .................................................................................................... 1, 5, 7, 8

N.Y. C.P.L.R. § 213 ...................................................................................................................... 9

N.Y. C.P.L.R. § 214 ...................................................................................................................... 9

N.Y. C.P.L.R. § 3217 .................................................................................................................... 8

N.Y. C.P.L.R. § 3217(c) ............................................................................................................... 8

Google Inc. files this motion pursuant to Federal Rule of Civil Procedure 11, asking the Court to impose sanctions against VoiceOne Communications, Inc., WABEC, LLC, and their attorneys.

## I.   INTRODUCTION

This is the *fifth* time in *three* separate courts that plaintiffs have filed frivolous claims against Google. Plaintiffs have based all claims in all proceedings on the same allegation: in August 2006, Google announced a feature called Click-to-Call, which, according to Plaintiffs, was developed using their trade secrets. On its face, then, Plaintiffs' entire case, filed at the end of December 2012, is time-barred; all claims have a statute of limitations of six years or less (and the heart of their case, trade secret and copyright infringement, both have three-year limitations periods).

Moreover, this case violates the two-dismissal rule of Federal Rule of Civil Procedure 41(a)(1). Under this rule, a plaintiff may not voluntarily dismiss two cases based on the same set of facts and then try to bring a third case on those same facts: the second voluntary dismissal acts as a final determination on the merits and is *res judicata*. This is exactly what Plaintiffs try to do here. Notably, one of the plaintiffs named in this case *does not even exist*—a federal bankruptcy court recently approved dissolution of all of VoiceOne's assets.

In short, Plaintiffs' claims are legally baseless, and counsel-of-record should have known this. This is particularly true given that Google's counsel contacted Plaintiffs' counsel after the complaint was filed (but not yet served). In those communications, Google explained in detail, with reference to both facts and law, all of the above—even though this should have been obvious after just a cursory review of the case and its history—and urged counsel, Mr. Larry Rader, to withdraw the complaint. Nevertheless, Mr. Rader ignored Google's requests and served Plaintiffs' latest complaint on May 10, 2013. This is sanctionable under Rule 11.

1

## II.     BACKGROUND

### A.     Plaintiffs First Sue In 2009 (And Become Bankruptcy Debtors That Year)

Almost four years ago, the two plaintiffs in this case, VoiceOne and WABEC, plus VoiceOne's parent corporation, VoIP, Inc., sued Google in Los Angeles Superior Court claiming breach of contract, trade secret misappropriation, unfair competition, and unjust enrichment.  *See* Declaration of Michael H. Page in Support of Defendant Google Inc.'s Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 ("Page Decl.") Ex. A.  VoIP, VoiceOne, and WABEC expressly alleged that *all* of the claims arose from Google's development of a product feature called "Click to Call," announced on "August 28, 2006." *Id.* Ex. A ¶¶ 2-3, 18.  Specifically, they alleged that Google misappropriated trade secrets during its one-year vendor relationship with VoIP and used those trade secrets to develop and introduce the Click to Call feature (which, incidentally, never got off the ground and was scrapped during development).

The previous month, on June 2, 2009, one of VoIP's creditors filed an involuntary petition for Chapter 7 Bankruptcy relief against VoIP.  *Id.* Ex. B.  (That proceeding concluded just a few months ago, on December 26, 2012, with all assets of VoIP, VoiceOne, and all other affiliates of VoIP being liquidated.  *Id.* Ex C.)

On October 5, 2009, Google demurred to the complaint, arguing (in part) that the plaintiffs had failed to allege facts sufficient to support their claims.  Google also argued that VoIP's pending bankruptcy proceeding barred the entire case; federal bankruptcy law imposed an automatic stay and further mandated that only the bankruptcy trustee could bring suit.  A copy of the demurrer, which includes these arguments and others, is attached here for reference.  *Id.* Ex. D.

Instead of opposing the demurrer, plaintiffs filed an amended complaint.  The amended complaint was *word-for-word* identical to the original in all respects, except for the addition of a

paragraph that purported to identify the alleged trade secrets at issue (which had no bearing on Google's original demurrer). *Id.* Ex. E. As such, Google demurred to this "amended" complaint on the same substantive grounds as the original demurrer. *Id.* Ex. F. This time, rather than respond, Plaintiffs voluntarily dismissed the action on December 30, 2009. *Id.* Ex. G.

### B. Plaintiffs Sue Again In 2011 (And Are Still Bankruptcy Debtors)

On February 14, 2011, VoIP, VoiceOne, and WABEC filed (but did not serve) a complaint in New York state court, suing Google for the second time on the same facts and claims as before. As with the prior complaints, the plaintiffs alleged that the action arose "from the fact that Google's implementation and use of the Click to Call technology was the result of its misappropriation of Plaintiffs' trade secrets." The complaint further alleged that the press release announcing this feature occurred on "August 28, 2006." Page Decl. Ex. H ¶¶ 2-3, 18.

Google's counsel called plaintiffs' new counsel-of-record in the New York state court case, who was unaware of the prior filing and dismissal, and explained that VoIP (and, thus, VoiceOne) was still in bankruptcy. Google detailed the multitude of other reasons Plaintiffs' claims were legally untenable. Page Decl. ¶ 10. Plaintiffs' counsel explained that he was merely acting as local counsel for the law firm of a Mr. Byron T. Ball—the same counsel of record for plaintiffs' 2009 California case—and that he had no familiarity with the procedural history of the case. *Id.* ¶ 11. Mr. Ball never entered an appearance in the New York state court case. *Id.* ¶ 12. Google sent counsel-of-record the pleadings and urged him to dismiss the suit. *Id.* ¶ 13; Ex. I.

New York counsel then filed an amended complaint, removing VoIP and VoiceOne from the pleadings and adding the allegation that WABEC had previously acquired all the assets of VoIP and VoiceOne. *Id.* Ex. J. In all other respects, this amended complaint was identical to the prior complaints. *Compare id.* Ex. J *with id.* Exs. A, E, and H. In response, Google sent a letter, explaining for the fourth time that the claims had no merit. *Id.* Ex. K. Just as counsel had done

3

in the California case, New York counsel responded by voluntarily dismissing the New York state case. *Id.* Ex. L.

### C. Plaintiffs Sue For The Third Time

On December 28, 2012, more than six years after Google announced the abandoned Click to Call feature, VoiceOne and WABEC have filed *a nearly-identical complaint* with this Court. The claims have been adjusted: now, Plaintiffs replace unfair competition with copyright infringement. But the underlying factual allegations are identical to the two dismissed predecessor complaints—again, this "action arises from Google's implementation and use of the Click to Call technology….," announced on "August 28, 2006." *Compare* Complaint (Dkt. No. 1) ¶¶ 2-3, 21 *with* Page Decl. Exs. A, E, H, and J ¶¶ 2-3, 18. The fact that the complaint simply copies the prior complaints by naming VoiceOne as a plaintiff—and expressly describes VoiceOne as a "wholly owned subsidiary of VoIP"—is telling, given that those entities no longer exist: All remaining assets of both VoiceOne and VoIP were liquidated and distributed in Chapter 7 bankruptcy (*i.e.*, liquidation bankruptcy) just two days prior to the filing of the lawsuit. Page Decl. Ex. C.

Google's counsel next received a call from a paralegal in Mr. Ball's office asking if counsel would accept service of the new complaint. Page Decl. ¶ 18. In response, Google's counsel asked to speak to Mr. Ball, counsel-of-record for the original 2009 case, and identified as the person in charge of the 2011 case. *Id.* Mr. Ball agreed to have a phone call regarding this third case, but the call never materialized after repeated attempts. *Id.*

On April 17, 2013, after several months of radio silence and without service of the complaint, this Court issued an order stating that if Plaintiffs did not make service by April 29, 2013, or make a showing of good cause for failure to institute service by that date, the Court would dismiss the action. Dkt No. 4. On April 24, 2013, Google's counsel received another call

4

from one of Mr. Ball's paralegals, again asking if counsel would accept service. Page Decl. ¶ 19. Google explained that it had made several attempts over several months to have a conversation with Mr. Ball, and asked again that Mr. Ball call to discuss the case. *Id.*

At that point, having received no response from Mr. Ball, Google's counsel was contacted by Mr. Larry Rader, the only attorney-of-record in this case. *Id.* ¶ 20. Mr. Rader, like his predecessor local counsel, professed to know nothing of the history of the case and explained he was merely "local counsel" as a favor to Mr. Ball. Google explained to Mr. Rader all of the problems with his case, including the fact that under Federal Rule of Civil Procedure 41(a)(1) and corresponding New York law, Plaintiffs' second voluntary dismissal is *res judicata*. *See id.* Ex. L. Mr. Rader stated that he would try to have Mr. Ball admitted *pro hac vice* as soon as possible.[1] *Id.* ¶ 21. Shortly thereafter, Mr. Rader requested and was granted an extension to serve the complaint, which his office served on Friday, May 10, 2013. Dkt. No. 6; Page Decl. ¶ 22.

On May 13, 2013, in a last effort to avoid Rule 11 proceedings, Google's counsel sent Mr. Rader all the prior complaints and their dismissals, a sampling of case law explaining the two-dismissal rule and its application here, prior correspondence with prior New York counsel explaining why Plaintiffs' case is without merit, and previous demurrer pleadings. *Id.* ¶ 23; Ex. M.

On May 22, 2013, Google served a copy of this motion on Mr. Rader, pursuant to the 21-day safe harbor provisions of Rule 11. The instant motion is identical to the previously served draft, save for the addition of facts occurring after May 22.

---

[1] Mr. Ball has made two failed efforts to be admitted *pro hac vice*. The first was rejected because it had no certificate of good standing, and the second because one of the submitted certificates was stale. Mr. Ball appeared at the promotion conference and this Court permitted him to argue; we assume that the Court has thus admitted him *pro hac vice* and have no objection to that admission.

5

On May 30, 2013, Mr. Ball, Mr. Rader, and counsel for Google had a telephone conversation at which Google again explained why this suit was barred and violated Rule 11. Mr. Ball responded that he had additional authority contrary to that cited in this motion and that he would provide it to Google following the phone call. *Id.* ¶ 24. He has never provided any such authority. *Id.* After the case management conference before Your Honor on June 20, 2013, Google again requested that Mr. Ball and Mr. Rader voluntarily dismiss the complaint before Google incurred the additional expense of drafting and filing the Rule 11 motion and motion to dismiss, both due June 27, 2013. Plaintiffs' Complaint, however, remains on file. *Id.* ¶ 25. To date, no one representing Plaintiffs has ever provided any reasoned response to the plain conclusion that this case is barred by the two-dismissal rule and applicable statutes of limitations, among other reasons.

### III. ARGUMENT

#### A. Rule 11 Standard

Under Rule 11, any attorney that signs a federal pleading must certify that he conducted a reasonable inquiry to conclude that that the claims in the pleading are legally warranted. Fed. R. Civ. P. 11(b)(2), (3). The Court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The sanction must serve to deter repetition of the conduct by that party or others similarly situated. *See* Fed. R. Civ. P. 11(c)(4). As explained by the Supreme Court, "the central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990).

### B. This Case Was Not Legally Warranted And There Was No Reason To Believe Otherwise

#### 1. Plaintiffs' Case Violates The Two-Dismissal Rule

Under the Federal Rules, a voluntary dismissal by plaintiff who previously dismissed an action in any state or federal court, based on or including the same claim, operates as *res judicata*. *See* Fed. R. Civ. P. 41(a) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). In other words, if the first and second actions are based on the same claim, a third is barred. This is the two-dismissal rule. Its purpose is "to prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice." C. Wright et al., *Voluntary Dismissal—Effect of Second Dismissal on Same Claim*, 9 Fed. Prac. & Proc. Civ. § 2368 (3d ed. 2013); *see also Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976) ("It seems to be universally accepted that the primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading.").

This rule applies regardless of whether the second dismissal occurred in state or federal court, provided that the state in which the second prior action was dismissed has a rule comparable to Rule 41(a)(1). *See, e.g.*, *Gabhart v. Craven Regional Med. Ctr.*, 73 F.3d 357 (4th Cir. 1995); *Manning v. S.C. Dept. of Highway & Pub. Transp.*, 914 F.2d 44, 47-48, n.5 (4th Cir. 1990). This makes good sense; the dismissal in state court would be an adjudication on the merits in that state court by virtue of its own rules and would bar, the same as any other adjudication on the merits, a new suit in federal court. *See* C. Wright et al., *Voluntary Dismissal—Effect of Second Dismissal on Same Claim*, 9 Fed. Prac. & Proc. Civ. § 2368 (3d ed. 2013). And here, New York State has a near-identical provision to Rule 41(a)(1): "a

7

discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States." N.Y. C.P.L.R. § 3217(c) (McKinney). Plaintiffs' second voluntary dismissal in New York state court thus operates as *res judicata*.

The two-dismissal rule also applies regardless of whether the causes of action in the prior cases are identical—the precluded claims only need to be "based on" the same claim(s) as before. *See* Fed. R. Civ. P. 41(a)(1); N.Y. C.P.L.R. § 3217 (McKinney); *Manning*, 914 F.2d at 46 (finding that even though the claims were not identical, the two-dismissal rule applied because the actions were based on the same claim and *res judicata* barred any later suits); *Cumptan v. Allstate Ins. Co.*, No. 5:10CV12, 2011 WL 3501783, at *3 (N.D. W. Va. Aug. 10, 2011) (same). Indeed, this is the import of *res judicata*—barring all future claims based on the same transaction or occurrence. *See, e.g.*, *L-Tec Elec. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir. 1999) ("The doctrine of *res judicata*, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a final judgment on the merits. Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.") (internal citation omitted). Here, Plaintiffs brought all claims except copyright infringement (which they could not previously bring, having chosen state courts) in their two prior cases—and *all* claims, as per Plaintiffs' own allegations, arise from Google's alleged "implementation and use of the Click to Call technology."

Plaintiffs have already sued Google twice: first, in Los Angeles Superior Court in 2009, and again in New York Supreme Court in 2011. Under black letter law, this third case is barred.

8

All of this should have been apparent to anyone who reviewed the case and its history. The failure by Plaintiffs, Plaintiffs' counsel-of-record (Mr. Larry Rader), and the man apparently pulling the strings (Mr. Byron Ball), to figure this out before filing and later serving the third complaint is sanctionable under Rule 11. In light of the two-dismissal rule, there was no possible basis to believe this case was legally warranted.

### 2. Plaintiffs' Case Is Time-Barred

All *five* iterations of Plaintiffs' complaint contain the following allegation:

> In late 2006, Google introduced a feature called "Click to Call" . . . . This action arises from the fact that Google's implementation and use of the Click to Call technology was the result of its misappropriation of Plaintiffs' trade secrets . . . .

*Compare* Complaint (Dkt. No. 1) ¶¶ 2-3, 21 *with* Page Decl. Exs. A, E, H, and J ¶¶ 2-3, 18. And all five complaints allege that the date Google publicly released the feature was August 28, 2006. Thus, since 2009, Plaintiffs have consistently maintained that their entire case is based on conduct reasonably known since 2006. This is beyond the limitations period for every claim at issue. *See* 17 U.S.C. § 507 (three-year statute of limitations for copyright infringement); N.Y. C.P.L.R. § 214 (McKinney) (three-year statute of limitations for trade secret misappropriation); N.Y. C.P.L.R. § 213 (McKinney) (six-year limitations period for breach of contract and unjust enrichment). And it is *well* beyond the three-year limitations period for copyright infringement and trade secret misappropriation. Indeed, those claims were on the verge of expiring by the time Plaintiffs filed the *first* case in 2009—and it has been more than three years since that case, so Plaintiffs have no excuse for failing to timely raise those claims.

This, of course, should come as no surprise to the parties and their agents. On its face, the complaint is deficient. Even more troubling is the fact that counsel for Google already

9

explained this to counsel-of-record, and Plaintiffs' counsel proceeded to institute service nevertheless.

### 3. VoiceOne Doesn't Even Exist

On June 2, 2009, one of VoIP's creditors filed an involuntary petition for Chapter 7 Bankruptcy relief against VoIP. Page Decl. Ex. B. VoIP, having ceased operations long before, did not appear. On December 26, 2012, the appointed trustee for VoIP and all its affiliates (which necessarily includes the wholly-owned VoIP subsidiary VoiceOne) entered into an agreement to disburse all remaining assets of VoIP and its affiliates to various creditors and thereby dismiss the Chapter 7 Bankruptcy proceeding. *Id.* Ex C. Thus, VoIP and VoiceOne have no assets to speak of, and appear not to exist. And in fact, the public status of VoiceOne is currently "Forfeited-Resigned," which means that the registered agent for the corporation tendered a certificate of resignation. *Id.* Ex. N. Similarly, VoIP, Inc.'s corporate status is listed as "VOID." *Id.* Ex. O. Ignoring these facts, counsel of record signed a pleading on behalf of the non-existent VoiceOne. This, too, is sanctionable.[2]

## IV. CONCLUSION

No one—not Plaintiffs, not Plaintiffs' counsel of record, and not Mr. Byron T. Ball—had any reason to believe that this case had legal merit. The case is foreclosed by the two-dismissal rule, all claims are time-barred, and one of the two Plaintiffs doesn't even exist. Anyone doing a cursory review of this case would have known of these issues. It is all the more troubling that Google informed counsel of all of these issues before he served the complaint. For all these reasons, Google asks the Court to impose Rule 11 sanctions for the expense to which it has been

---

[2] These are by no means the only fatal defects of Plaintiffs' Complaint: they are legion, including attempting to plead breach of a nonassignable contract to which WABEC was not a party, failure to plead or identify either the allegedly infringed work, the infringing work, or a valid copyright registration for the former, and claiming as trade secrets basic protocols published in public textbooks years earlier. They are merely the most egregious.

put—three times in three different courts—defending these baseless suits. Google asks that sanctions be assessed jointly and severally against WABEC's current counsel-of-record, WABEC's additional counsel listed on the pleadings, and WABEC itself, in an amount to be established by such further submissions as the Court may direct.

Dated:  June 27, 2013  
       San Francisco, California

Respectfully submitted,

By:  */s/ Michael H. Page*  
Michael H. Page (*Pro Hac Vice*)  
DURIE TANGRI LLP  
217 Leidesdorff Street  
San Francisco, California  94111  
Telephone: (415) 362-6666  
Facsimile: (415) 236-6300  
mpage@durietangri.com

David Spears  
Benjamin T. Alden  
SPEARS & IMES LLP  
51 Madison Avenue, 25th Floor  
New York, NY 10010  
Telephone: (212) 213-6996  
Facsimile: (212) 213-0849  
dspears@spearsimes.com  
balden@spearsimes.com

Attorneys for Defendant GOOGLE INC.