IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOICEONE COMMUNICATIONS, LLC, a limited liability company; and WABEC, LLC, a limited liability company,<br><br>            Plaintiffs,<br><br>       v.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100 inclusive,<br><br>            Defendants. | Civil Action No. 12 Civ. 9433 (PGG)<br><br>**ECF Case** |

### DEFENDANT GOOGLE INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Michael H. Page (*Pro Hac Vice*)
Sonali D. Maitra (*Pro Hac Vice*)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California  94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300
mpage@durietangri.com
smaitra@durietangri.com

David Spears
Benjamin T. Alden
SPEARS & IMES LLP
51 Madison Avenue, 25th Floor
New York, NY 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849
dspears@spearsimes.com
balden@spearsimes.com

Attorneys for Defendant GOOGLE INC.

One hardly knows where to begin.

Perhaps with the remarkable revelation, buried in Mr. Ball's declaration and unmentioned in either Opposition, that WABEC is the only plaintiff in this matter, and that "[t]he caption page states that VOIP is a plaintiff and that was by mistake as the original caption page from California was used . . . ." Ball Decl. Supp. Plas.' Opp'n Def.'s 12(b)(6) Mot. ("Ball Decl.") ¶ 12.  In fact, the caption lists VoIP's former subsidiary VoiceOne Communications, not VoIP. But this is not a simple typographical error in a caption.  VoiceOne and VoIP ceased to exist, and ceased to have the capacity to sue anyone, before Mr. Ball's firm filed the *first* of *five* separate complaints purporting to act as their counsel.  *See* Page Decl. Supp. ISO Rule 11 Mot. ("Page Rule 11 Decl.") Ex. D, Mem. P & A. at 3:7-10 (memo supporting Demurrer to first California complaint; VoIP involuntarily dissolved effective December 30, 2008).  And yet Plaintiffs' counsel has persisted in repeatedly suing Google in VoIP's name, in three courts, over four years.  In this Court alone, counsel has filed multiple *pro hac vice* applications seeking to "appear as counsel for Plaintiffs, Voiceone Communications, LLC . . . ." (*e.g.*, ECF No. 17), a Rule 7.1 corporate disclosure statement on Voiceone's behalf (ECF No. 3), a joint letter to the Court "submitted by Voiceone Communications, LLC . . . ." (ECF No. 14), and additional correspondence in Voiceone's name (ECF No 16).  Mr. Ball then appeared at the premotion conference and represented to this Court that he was representing both WABEC and "VoIP, who is also our client . . . " Tr. at 3:1, ECF No. 22.  Whatever other obligations Rule 11 imposes in this case, surely an inquiry into the identity and existence of one's own client is among them.[1]

---

[1] Mr. Ball's professed "typo" and shifting position on whom he represents is all the more troubling where—as here—his firm is working on contingency (Ball Decl. ¶ 2) and is located in California.  California's Business & Professions Code Section 6147 requires written agreements

1

But that is only the beginning. Remarkably, in opposing a Rule 11 motion, virtually every factual statement made by Plaintiffs is demonstrably false. We address those falsehoods in order.

*First*, Plaintiffs claim that it was only "[a]fter a demurrer [and] an amended complaint was filed" in the California action that Google "correctly observed and asserted a venue provision" and Plaintiffs therefore obligingly dismissed their First Amended Complaint. Opp'n at 2 (emphasis added). This is flatly false. Google's demurrer to the *original* California complaint asserted the contractual venue provision (Page Rule 11 Decl. Ex. D, Mem. P. & A. at 1:13-14; *id.* at 2:2 (first section of Argument: "Neither Venue Nor Jurisdiction Lie in California.")). In the face of that demurrer, Plaintiffs simply ignored the venue provision[2] and filed a First Amended Complaint, forcing Google to the expense of filing a second demurrer on the same grounds. Plaintiffs only then dismissed their First Amended Complaint.

*Second*, Plaintiffs claim that, "at the same time" the New York State complaint was filed, "an involuntary bankruptcy proceeding was commenced in Florida against VOIP." Opp'n at 2. This changed circumstance, Plaintiffs appear to argue, explains why they were justified in filing and then dismissing their third and fourth complaints. Again, this is pure fiction.

VoIP's bankruptcy was filed *before any of Plaintiffs' lawsuits were filed.* The initial California case was filed on July 29, 2009. Page Rule 11 Decl. Ex. A. The bankruptcy petition was filed two months earlier, on June 2, 2009 (*id.*, Ex. B) and was brought to Mr. Ball's attention

---

between an attorney and any contingent fee client. As VoIP was dissolved in 2008, it is at best unclear how it retained Mr. Ball the following year, as Mr. Ball now declares. *Id.*

[2] In fact, Plaintiffs attempted to avoid the venue provision by omitting from the Exhibit to their First Amended Complaint the relevant page of the contract, which had been attached to their original Complaint. *See* Page Rule 11 Decl. Ex. F, Mem. P. & A. at 1:16-18, *compare id.* Exs. A *with* F (original and amended California complaints).

in both California demurrers. *Id.*, Ex. D, Mem. P. & A. at 3:18-4:4 & Ex. F, Mem. P. & A. at 4:21-5:11. Nothing changed between the California action and the New York State action: in the two cases, Mr. Ball's firm filed a total of three complaints purporting to state claims on behalf of an entity and its subsidiary that had been dissolved and was in bankruptcy. It was only after Google *again* raised this issue that WABEC amended the New York state action to remove Voiceone as a purported plaintiff. WABEC—which was never in bankruptcy and was always free to bring and dismiss its own claims—then voluntarily dismissed that New York case as well, triggering the two-dismissal rule and ending this case.

*Third*, Plaintiffs claim that "when the Florida bankruptcy became final, on December 26, 2012, WABEC received all of the rights to pursue intellectual property claims against Google[,]" Opp'n at 2, apparently now taking the position that WABEC never owned those rights before. Again, this is pure fiction. What WABEC received in the bankruptcy proceeding was confirmation that it "retained" its existing title to intellectual property previously transferred to it by the Debtor, and a waiver of claims to that property: three U.S. patents that have never been at issue in any of WABEC's suits. Page Decl. Ex. C, Stip. of Settlement art. 7. WABEC's newfound claim—that it only received the copyright it asserts in this case as a result of the bankruptcy case—is pure fabrication. It is contradicted not only by the averments in all four of WABEC's prior complaints, each filed *during* the pendency of the bankruptcy case, that "[i]n or about October, 2008, WABEC acquired all of the assets of VoIP and VoiceOne" (*see, e.g.*, *id.* Ex. A ¶ 6) but also by WABEC's 2009 registration of the copyright it asserts here, wherein WABEC represented to the copyright office under penalty of perjury that the owner was

3

"WABEC, LLC, Transfer: By written agreement."  Online copyright registration record, Supplemental Declaration of Michael H. Page Exhibit A.³

WABEC offers no other "facts" in opposition to Google's motion for sanctions.  It also offers no law to support its argument.  As Google set forth in its opening brief, and as discussed at the pre-motion conference, the two-dismissal rule embodied in Federal Rule of Civil Procedure 41(a) and New York Civil Practice and Law Rules section 3217(c) (McKinney) bars this claim.  The only qualification—which is met here—is that the jurisdiction in which the *second* case is dismissed must have a two-dismissal rule of its own.

At the June 20 pre-motion conference, this Court correctly observed that the two-dismissal rule "seems pretty clear to me."  Tr. at 4:9-10, ECF No. 22.  WABEC's counsel, however, represented to the Court that *Manning v. South Carolina Department of Highway & Public Transportation*, 914 F.2d 44 (4th Cir. 1990), holds that because California (the *first* of three jurisdictions in which this case has been brought) does not have a two-dismissal rule, that rule does not apply here, and that "if the Court would like, we can brief that more extensively. **There are other cases as well**."  *Id.* at 4:6-7 (emphasis added).  The Court then asked if "you're telling me that there is some case law that suggests that if the first jurisdiction doesn't follow the rule, that the rule doesn't apply?"  Plaintiff's counsel responded "I believe so, your Honor."  *Id.* at 4:18-21 & 22.

Wrong.  There is no such authority cited in WABEC's Opposition, because none exists. *Manning* (which we provided to counsel months earlier and cited in both our pre-motion letter

---

³ We believe this is another falsehood:  we have repeatedly asked Mr. Ball for evidence of that transfer, but none has been forthcoming.  Based on records in the Florida bankruptcy, we believe that what WABEC received in 2008 was *only* and *specifically* ownership of the three patents that had been pledged to it as collateral for its investment in VoIP.  But if this is indeed a fiction, it's one WABEC is stuck with.

4

and opening brief) says nothing of the sort, and neither does any other case. To the contrary, the law of the *first* jurisdiction is entirely irrelevant. The operative question is whether the jurisdiction of the *second* dismissal has a two-dismissal rule. New York does, and thus WABEC's voluntary dismissal of its second lawsuit is res judicata.

WABEC cites *Manning* for the proposition that "the rule stated in *Manning* . . . coupled with the fact that California does not observe or follow Rule 41(a) or an analog thereof, supports the position that the 'two-dismissal rule' does not apply to the instant matter." Opp'n at 3. Yet *Manning* says nothing of the sort. In fact, it says precisely the opposite.

To begin with, *Manning* could not have reached, much less decided, the relevance of a different first state's rule because *both* dismissed cases in *Manning* were in the same state: South Carolina. The issue in *Manning* was wholly irrelevant to this case: whether the rule applied to a defendant who was not identified by name in the first case, but instead was a "Doe" defendant. 914 F.2d at 47-48.

As to the issue in this case, *Manning* says exactly the opposite of WABEC's argument:

> When the *second* dismissal occurs in state court (as it did here) the two dismissal rule applies only if the state has enacted its own version of the two dismissal rule and would therefore treat the *second* dismissal as a dismissal with prejudice. South Carolina has adopted most of the language of Fed. R. Civ. P. 41(a)(1), including the two dismissal rule.

*Id.* at 47 n.5 (citations omitted and emphasis added).

Similarly, in *Gabhart v. Craven Regional Medical Center*, 73 F.3d 357 (4th Cir. 1995), the court explained that, when the second dismissal is in a state court:

> the case is governed by the principles of res judicata. Therefore, when the *second* dismissal occurred in state court, the two dismissal rule applies only if the state has a two dismissal rule, and that state would treat the second dismissal as a dismissal with prejudice. [citing *Manning v. South Carolina Dep't of Highway & Pub. Transp.,* 914 F.2d 44, 47 n. 5 (4th Cir.1990)]. In this case, it is

5

> undisputed that Gabhart's first and third actions are identical. Therefore, if the *second* suit was dismissed with prejudice, because the first and second actions were based on the same claim, the present (third) action is barred by res judicata.
>
> North Carolina's two dismissal rule is identical in relevant part to the federal rule. N.C. Rule 41(a). Therefore, under North Carolina law, where the same claims have been presented in two successive lawsuits, the two dismissal rule applies and the *second* dismissal constitutes a dismissal with prejudice.

*Id.* at 357 (emphasis added).

The analysis here is identical. Because New York has a two-dismissal rule identical to Rule 41(a), and because WABEC dismissed its second complaint in New York, the two-dismissal rule applies. WABEC's repeated discussion of California law is entirely irrelevant: it is the law of the state in which the *second* dismissal occurred—New York—that governs.[4]

Neither do WABEC's other arguments change the analysis. First, WABEC argues that the automatic stay pursuant to the Florida bankruptcy proceeding somehow required dismissal of the New York action. WABEC offers no authority for that proposition, and there is none. *First,* WABEC—which now concedes it is in fact the only Plaintiff in this action—was not in bankruptcy, and was free to proceed with its own claims based on intellectual property it had repeatedly pled ownership of for years. Indeed, it was for this reason that WABEC's predecessor New York counsel, Mr. Shub, amended the state claim to remove VoIP and VoiceOne once Google advised him of the pendency of the Florida bankruptcy. *Compare* Page Rule 11 Decl. Ex. H ¶¶ 4-7 *with* Ex. J ¶¶ 4-5. *Second*, as noted above, nothing had changed to suddenly require WABEC to dismiss a case it had previously brought twice: the Florida bankruptcy had been pending since before the *first* lawsuit, WABEC already owned (or at least

---

[4] For the same reason, WABEC's argument that the California case was dismissed on venue grounds is wholly irrelevant; it is the New York dismissal that triggered the two-dismissal rule.

6

pled that it owned) all the intellectual property it currently owns, and nothing changed in the interim. It is not logically possible that WABEC both had the right to bring the New York state action during the Florida bankruptcy in the first instance and was nonetheless required to dismiss it as a "curative" dismissal. And *third*, a bankruptcy stay is precisely that: a *stay* of proceedings pending the bankruptcy. Even if WABEC were somehow subject to that stay in a case to which the Debtor was no longer a party, the proper course would have been to notify the state court of that stay and wait, not dismiss the case.

     WABEC has previously filed the same claims four times, twice each in two different cases. It then voluntarily dismissed both cases. The second dismissal was in a state with a two-dismissal rule. The analysis ends there. WABEC can offer no authority to the contrary, because none exists. Its persistence in maintaining this action, in the face of unambiguous, controlling law, requires sanctions.

     Sanctions are also warranted because WABEC's claims are unquestionably time barred. WABEC alleges that the misappropriation of its intellectual property occurred in 2006, the alleged breach of contract occurred in January 2007, and this action was filed in late 2012, well outside the applicable statutes of limitations. The claims in the New York state case were outside the three-year statute of limitations for copyright claims and trade secret claims, and the current claims are outside all the applicable statutes. In opposition, WABEC attempts to rely on the tolling provisions of the Bankruptcy Code, but WABEC was not the Debtor, and clearly did not believe itself bound by the bankruptcy stay, as it *twice* filed the same lawsuit *during* the pendency of the bankruptcy. Having taken that position, WABEC cannot now switch gears and claim a tolling period for the length of the stay it previously ignored. This is not a case where a

party files a lawsuit, and that suit is then stayed by a subsequent bankruptcy, in which case the statute provides for tolling during the stay.  On this basis as well, sanctions are warranted.[5]

WABEC has put Google to significant, repeated expense defending no fewer than five iterations of a frivolous lawsuit, through multiple demurrers and motions to dismiss, in three separate jurisdictions, requiring the efforts of law firms on both coasts.  Enough is enough.  Google asks this Court to place those costs where they belong, on the lawyers who filed the lawsuits and the client that authorized them.  Google asks that this Court hold each of WABEC's counsel of record and WABEC jointly and severally liable for all of Google's fees and costs in these actions, in an amount to be established by supplemental submission of billing records.

Dated:  July 22, 2013
       San Francisco, California

Respectfully submitted,

By: /s/ Michael H. Page

| | |
|---|---|
| David Spears | Michael H. Page (*Pro Hac Vice*) |
| Benjamin T. Alden | Sonali D. Maitra (*Pro Hac Vice*) |
| SPEARS & IMES LLP | DURIE TANGRI LLP |
| 51 Madison Avenue, 25th Floor | 217 Leidesdorff Street |
| New York, NY 10010 | San Francisco, CA  94111 |
| Telephone: (212) 213-6996 | Telephone:  415-362-6666 |
| Facsimile: (212) 213-0849 | Facsimile:  415-236-6300 |
| dspears@spearsimes.com | mpage@durietangri.com |
| balden@spearsimes.com | smaitra@durietangri.com |

Attorneys for Defendant Google Inc.

---

[5] WABEC in addition simply ignores the many other fatal defects that even minimal Rule 11 inquiry would have revealed, as set forth in Google's concurrent motion to dismiss:  For example, purporting to assert breach of a contract to which WABEC was not a party—a claim that becomes more clearly sanctionable now that Mr. Ball has announced that his inclusion of VoiceOne—the (albeit defunct) party to the contract—was inadvertent.

8

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of the State of California, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 217 Leidesdorff Street, San Francisco, CA 94111.

On July 22, 2013, I served the following documents in the manner described below:

> **DEFENDANT GOOGLE INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

| | |
|---|---|
| [X] | (SERVICE COPY BY U.S. MAIL) I am personally and readily familiar with the business practice of Durie Tangri LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California. |
| [ ] | (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date. |
| [ ] | (BY FACSIMILE) I am personally and readily familiar with the business practice of Durie Tangri LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below. |
| [ ] | (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Durie Tangri LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery. |
| [X] | (COURTESY COPY BY ELECTRONIC SERVICE) By electronically mailing a true and correct copy through Durie Tangri's electronic mail system from jposada@durietangri.com to the email addresses set forth below. |
| [ ] | (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of each addressee below. |

9

On the following part(ies) in this action:

Lawrence W. Rader, Esq.
225 Broadway, Suite 400
New York, NY 10007
Tel: (212) 791-5200
Fax: (212) 791-5400
Email: larry@lawrader.com

Bryon T. Ball
THE BALL LAW FIRM LLP
10866 Wilshire Blvd., Suite 1550
Los Angeles, CA 90024
Tel: (310) 446-6148
Fax: (310) 441-5386
btb@balllawllp.com

Attorney for Plaintiffs
Voiceone Communications, LLC and WABEC, LLC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 22, 2013, at San Francisco, California.

                                                      */s/ Jennifer Posada*
                                                     Jennifer Posada