IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOICEONE COMMUNICATIONS, LLC, a limited liability company; and WABEC, LLC, a limited liability company,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:12-cv-09433-PGG<br><br>**ECF Case** |

**DECLARATION OF BYRON T. BALL IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

I, Byron T. Ball, declare and state.

1. I have personal knowledge of the following facts and could and would testify competently thereto if necessary.

2. In 2009 VOIP, Voiceone, and WABEC asked our firm to represent them in connection with a matter against Google, Inc. We agreed to do so on a contingent fee basis as we believed, and still believe, in the viability of the claims.

3. On July 29, 2009, we filed a complaint against Google in Los Angeles Superior Court.

4. Google, Inc. demurred and we filed an amended complaint to address the issues raised on demurrer.

5. Google, Inc. again demurred on the grounds that the proper venue was in New York.

6. After vetting the demurrer with our group, we agreed with Google, Inc. and filed in state court in New York.

7. An involuntary bankruptcy proceeding against VOIP was commenced about the same time in 2009. The attorney for the bankruptcy trustee for VOIP, Jason Slatkin, and I had numerous conversations about pursuing both WABEC and VOIP's rights against Google, Inc. Mr. Slatkin originally told us he wanted to pursue the claims against Google, Inc. for VOIP in bankruptcy. At some point in time, Mr. Slatkin told me he did NOT want us to proceed with a lawsuit against Google, Inc. on behalf of WABEC and/or VOIP as VOIP and WABEC disagreed in the Florida bankruptcy proceeding about which entity owned the rights to the intellectual property which is the subject of this pending action.

8. I had several conversations with Mr. Slatkin and he informed me that he would aggressively seek to file actions in Florida and New York alleging that WABEC was in violation of the stay and asserted that VOIP not WABEC owned the intellectual property rights at issue in the instant matter.

9. We decided that it would be in the best interest of all parties involved to wait until the bankruptcy court decided who owned the rights involved in this lawsuit so we dismissed the New York action.

10. On December 26, 20012, the VOIP bankruptcy order was entered.

11. We filed the instant matter on December 28, 2012 on behalf of WABEC.

12. The caption page states that VOIP is a plaintiff and that was by mistake as the original caption page from California was used instead of the proper caption page asserting only WABEC as the plaintiff.

13. At all times we engaged in good faith in this matter. I do and still do believe in the validity of our clients' claims against Google, Inc. We dismissed the first complaint in Los Angeles because we believed Google, Inc. would prevail and the case would ultimately be venue in New York based on its demurrer. We dismissed the New York matter because we believed it would be a waste of everyone's time and money to have two more lawsuits fighting about who owned the intellectual property rights which are the subject of this action when the bankruptcy court in Florida would make that ruling.

14. At no time, did we intend to harass Google, Inc. or waste judicial resources. To the contrary, we believe and still believe in our claims against Google, Inc. and tried to pursue them in good faith and a reasonable manner.

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct and that this declaration was executed on July 15, 2013 in Los Angeles, California.

                                               /s/Byron T. Ball
                                               Byron T. Ball